# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

Lisa McBride,           )
                          )
          Plaintiff,    )
                          )     Civil Action No. 7:20-cv-3454-TMC
    v.                    )
                          )           **ORDER**
                          )
Spartanburg Regional Health Services  )
District, Inc.,         )
                          )
          Defendant.   )
_____)

## Background

Plaintiff filed this action originally alleging Defendant violated the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. §§ 621-34, during her employment as a lab manager for Defendant. (ECF No. 1). Subsequently, Plaintiff amended her complaint to assert a claim under the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101, *et seq*., in addition to her original ADEA claim. (ECF No. 14). Defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 15). Plaintiff filed a response in opposition to the motion to dismiss (ECF No. 16).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to a United States Magistrate Judge for pretrial handling. In February 2021, the Magistrate Judge issued a Report and Recommendation

("Report") recommending that the court grant Defendant's motion to dismiss. (ECF No. 19).[1]  The parties, both of whom are represented by counsel, were advised of the right to file objections to the Report. *Id*. at 14.  Neither party has filed objections and the time to do so has expired.

## Standard of Review

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole

---

[1] Defendant also filed a motion to dismiss the original complaint. (ECF No. 5). The magistrate court concluded that, because Plaintiff filed an amended complaint, the original complaint was no longer the operative complaint and recommended that the court deny Defendant's motion to dismiss the original complaint (ECF No. 5) as moot. (ECF No. 19 at 4, 13).  The court agrees and adopts the magistrate judge's recommendation to deny the motion to dismiss the original complaint as moot. (ECF No. 5).

or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## Discussion

### *ADEA*

Plaintiff alleges she was employed by Defendant from October 3, 1988 to September 5, 2019, when she was terminated at 59 years of age. (ECF No. 14 at 2). According to the amended complaint, Plaintiff's performance as lab manager was "above satisfactory" but Defendant nevertheless fired her for "violating a company policy." *Id*. Plaintiff alleges "that her position was [then] filled by a younger female." *Id*. Plaintiff asserts that Defendant's alleged conduct violated the ADEA. Additionally, Plaintiff claims "her supervisors subjected her to discrimination and harassment with respect to her requests for reasonable accommodations, terms, conditions, and/or privileges of employment, because of her age" and that such "harassment was sufficiently pervasive to alter the terms and conditions of [her] employment and created a working environment that was discriminatory and hostile." *Id*. at 3.

The magistrate judge notes that, although Plaintiff makes the conclusory allegation that her supervisors discriminated against her because of her age, "she alleges absolutely no *facts* in support of that allegation." (ECF No. 19 at 7). Specifically, the magistrate judge pointed out that the amended complaint alleges

3

that Plaintiff "was told that she was terminated from employment because she violated a company" but she "alleges no facts supporting an inference that this was not the true reason for her termination." *Id*. The magistrate judge also noted that "while the plaintiff alleges that a younger person filled her position, she fails to allege the replacement's qualifications or proximity in age to her own (i.e., whether the person was substantially younger than her)." *Id*. Accordingly, the magistrate judge concluded that the amended complaint fails to state a viable claim of discrimination under the ADEA because "only speculation can fill in the gaps of the plaintiff's complaint" as plaintiff's allegations are nothing more than "'a formulaic recitation of the elements of a cause of action, [which] will not do.'" *Id*. at 8 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the magistrate judge concluded that, "to the extent the plaintiff attempts to allege a claim for hostile work environment in violation of the ADEA[,]" the amended complaint "fails to allege any conduct by the supervisors nor does [it] allege facts that would support an inference that the harassment (in whatever form it occurred) was based on [Plaintiff's] age[,]" and "fail[s] to allege what terms, conditions, or privileges of her employment were affected." *Id*. at 9–10. Accordingly, the magistrate judge recommended that the court grant the motion to dismiss Plaintiff's first cause of action for violation of the ADEA. *Id*. at 10.

4

*ADA*

Plaintiff alleges that during her employment she suffered from rheumatoid arthritis which "substantially limited her ability to do manual tasks and work as a lab manager." (ECF No. 14 at 2).  She claims she "was the only lab manager that did not have an office in the perimeter of the lab" and, in fact, "had no office, and instead worked within the lab." *Id*. at 4.  Plaintiff alleges her supervisor knew she "needed a regular desk to perform her job without pain, discomfort, and physical deterioration[,]" but that Defendant failed to accommodate her requests for a regular desk. *Id*. Ultimately, according to the amended complaint, Plaintiff's supervisor told her "we cannot afford to buy you a desk" and, shortly thereafter, Plaintiff was terminated. *Id*.

The magistrate judge, however, concluded Plaintiff's ADA claim was time-barred.  (ECF No. 19 at 13). The Report notes that Plaintiff had 90 days from the receipt of the EEOC notice of right to sue on September 23, 2020, to file an action on her ADA and ADEA claims. *Id*. at 11. The magistrate judge found that because Plaintiff's original complaint alleging a claim under the ADEA was filed on September 29, 2020, her ADEA claim was within the 90-day filing period. *Id*. The magistrate judge, however, concluded that Plaintiff's ADA claim was not raised until she filed the amended complaint on December 30, 2020, which was outside the 90-day filing period. *Id*.  The magistrate judge rejected Plaintiff's argument that

under Rule 15(c) her ADA claim relates back to the original claim because it arises out of the same alleged discriminatory conduct as the ADEA claim. *Id*. at 12–13. The magistrate judge found that "plaintiff offers an entirely independent set of facts not tied to the common core of operative facts in the original complaint[,]" which "did not allege . . . that she was the only lab manager who did not have an office in the perimeter of the lab, [or] that she requested reasonable accommodation in the form of a 'regular' desk multiple times . . . or that her supervisor allegedly ignored her requests." *Id*. at 12. The magistrate judge found that in the original complaint, Plaintiff "merely alleged that (1) she had rheumatoid arthritis, and (2) she made unspecified requests for accommodation . . . *because of her age*." *Id*. (emphasis added) (internal quotation marks omitted). Therefore, the magistrate judge recommended that the court "find that the amended complaint does not relate back to the date of the original complaint" and dismiss the ADA claim as time-barred. *Id*. at 13.[2]

       After a careful review of the thorough Report issued by the magistrate judge, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, **ADOPTS** the Report (ECF No. 19), and

---

[2] The magistrate judge also found that equitable tolling was not appropriate in this instance. *Id*. at 13 n.4.

hereby **GRANTS** Defendant's motion to dismiss. (ECF No. 15). Defendant's motion to dismiss the original complaint (ECF No. 5) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 23, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.